**COMMISSIONER OF NATURAL RESOURCES of the State of Minnesota, Appellant,**

v.

**LAC QUI PARLE COUNTY PUBLIC WATERS/WETLANDS HEARINGS UNIT, Respondent-Below,**

**Gerald Dove, et al., Respondents,**

**Gary Nygard, et al., Respondents,**

**Gerald Wollschlager, et al., Respondents,**

**Harlien Harwick and Gordon Harwick, Respondents.**

No. 82–358.

Supreme Court of Minnesota.

Dec. 3, 1982.

Rehearing Denied Dec. 29, 1982.

Warren Spannaus, Atty. Gen., C. Paul Faraci, Deputy Atty. Gen., and A.W. Clapp III, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Allan Swen Anderson, Granite Falls, for Lac Qui Parle County Pub. Waters and Dove, et al.

Nelson, Oyen, Torvik, Minge, Christopherson & Gilbertson, Montevideo and Bruce W. Christopherson, Clarkfield, for Nygard et al.

Swenson & Nelson and Roger Swenson, Madison, for Wollschlager et al.

Molter, Runchey, Louwagie & Wellman and Joseph H. Louwagie, Marshall, for Harwick et al.

TODD, Justice.

In the fall of 1980, pursuant to statute (Minn.Stat. § 105.391), a series of hearings were held in Lac Qui Parle County to identify public waters. The hearings closed and the panel met on November 21, 1980 to draft its decision. Forms had been provided by the Department of Natural Resources. The panel filled in the forms in longhand and signed the document. The D.N.R. agreed to provide stenographic services to the panel which had no staff.

On November 24, 1980 the document was sent to the D.N.R. representative of the panel at his office in St. Paul. The forwarding letter was addressed to the Commissioner of the D.N.R., but marked for the attention of the D.N.R. representative. The letter was mailed to the office of the D.N.R. representative, which is in a building in a different location than the building housing the Commissioner of the D.N.R.

The document was received by the D.N.R. representative on November 25, 1980. The following day a follow up letter was received identifying mistakes in the previously submitted document and requesting the typist "to correct them on the *final copy*". (emphasis supplied)

On December 31, 1980, the typed, corrected document was served by mail on all required parties including the Commissioner of D.N.R. The D.N.R. filed a timely appeal if the date of service is December 31, 1980. The respondents made a motion to dismiss the appeal alleging that November 24, 1980, the date of mailing of the handwritten document, commenced the appeal time. The trial court adopted the position of the respondents. We reverse.

The time for appeal under Minnesota Statute § 15.0424 commences 30 days after the party receives the *final decision* and order of the agency. (emphasis supplied). Minnesota Statute § 105.391, subd. 1 requires that service be made upon the Commissioner of the D.N.R.

Under the facts of this case we held there was no valid service of a final decision upon the Commissioner of the D.N.R. until December 31, 1980. The appeal is timely.

Reversed.